IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UTILIPATH, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ENGINEERING ASSOCIATES, INC.<br><br>    Defendant.<br><br>_____<br><br>ENGINEERING ASSOCIATES, INC.<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>COLUMBIA COUNTY, a political subdivision of the State of Georgia<br><br>    Third-Party Defendant. | CIVIL ACTION FILE<br>NO. 1:11-cv-00155-JRH-WLB |

**ENGINEERING ASSOCIATES, INC.'S MOTION TO DISMISS FOR FAILURE
TO FILE AN AFFIDAVIT OF A COMPETENT EXPERT
PURSUANT TO O.C.G.A. § 9-11-9.1
WITH THE COMPLAINT AND AMENDED COMPLAINT**

COMES NOW Defendant/Third-Party Plaintiff, Engineering Associates, Inc. ("Engineering Associates") and files this its Motion to Dismiss for Failure to File an Affidavit of a Competent Expert with the Complaint and Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and O.C.G.A. § 9-11-9.1, and for cause states the following:

**I.  BACKGROUND FACTS**

On or about May 5, 2010, Engineering Associates entered into a contract ("Contract") with Columbia County, Georgia ("County") to perform certain professional engineering services including, but not limited to, designing routes for 200 miles of fiber optic cabling, staking routes and providing project oversight during the construction phase of the project known as the

1

Installation of Fiber Optic Cable-Phase I-III ("Project"). The Project was divided into six (6) phases for construction purposes, each of varying lengths. The Plaintiff, Utilipath, LLC ("Utilipath"), entered into a separate contract, in March 2011, with the County as the general contractor on Phase III of the Project involving 47 miles of the 200-mile Project. The Project required the contractor to install the 47 miles of fiber optic cable by trenching, plowing or boring a conduit through which Utilipath was to pull the fiber optic cable. Unless a bore was specifically required by the Contract drawings, the means, methods and procedures of which installation process to use was left to the contractor.

Utilipath alleges that it encountered unanticipated rock while installing the conduit a minimum of 48 inches beneath the ground surface. Allegedly, this process required additional heavy equipment to drill through the ground in order to perform its work under its contract with the County. Notwithstanding Utilipath's failure to comply with the change order procedures outlined in its contract with the County, Utilipath sought additional compensation for its alleged additional equipment and work. Due to the County's refusal to pay Utilipath for the alleged change order work, Utilipath initially filed, in September 2011, the instant action against both Engineering Associates and the County. Utilipath failed to ever serve this lawsuit upon either of the defendants. In January 2012, Utilipath amended its Complaint by dismissing the County as a defendant and solely alleging malpractice claims against Engineering Associates. Specifically, Utilipath alleges professional negligence throughout the Negligent Misrepresentation and Fraudulent Misrepresentation counts asserting:

(a) Engineering Associates was hired by the County to serve as the Engineer on the Project. *See* Amended Complaint at the Introduction paragraph, and ¶ 8.

(b) Engineering Associates prepared drawings which were inaccurate, reflecting the wrong distances, omitted important obstructions like culverts, and did not accurately reflect whether cable could be laid by plowing, dirt boring or rock drilling. *See id*. at ¶ 13.

(c) The original bid documents prepared by Engineering Associates did not account for rock. *See id.* at ¶ 16.

(d) Engineering Associates falsely represented that the County had approved new unit prices for railhead and hard rock drilling. *See id.* at ¶¶ 29, 36.

(e) Engineering Associates falsely represented itself as an agent of the County with authority to approve work performed and the costs for such work. *See id.* at ¶¶ 30, 37.

(f) Engineering Associates negligently provided this false information to Utilipath. *See id.* at ¶ 31.

Engineering Associates files the instant Motion in response to these professional malpractice claims as explained *infra*. Contemporaneously, Engineering Associates files its Answer, Affirmative Defenses and Third-Party Complaint against the County.

## II. ARGUMENT AND CITATION OF AUTHORITY

Utilipath's professional malpractice action should be dismissed for failure to file an affidavit of a competent expert with the Complaint and Amended Complaint. "An action alleges professional malpractice when it calls into question the conduct of a professional in his area of expertise." *Jordan Jones and Goulding, Inc. v. Newell Recycling of Atlanta, Inc.,* 299 Ga. App. 294, 297, 682 S.E.2d 666, 667 (2009) (overruled on other grounds) (citations omitted). As set forth *supra*, Utilipath alleges that Engineering Associates prepared drawings which were inaccurate, reflecting the wrong distances, omitted obstructions, and did not accurately reflect

3

whether cable could be laid by plowing, dirt boring or rock drilling.  *See* Amended Complaint at ¶ 13.  Clearly, drafting construction drawings is the conduct of Engineering Associates in their area of expertise—that is, professional engineering.  Therefore, pursuant to O.C.G.A. § 9-11-9.1, Utilipath should have filed an affidavit of a competent expert with the Complaint and Amended Complaint which asserted professional malpractice of a professional engineering company.

Plaintiff's claims should be dismissed for failure to file an affidavit of an expert competent to testify against Engineering Associates, setting forth at least one negligent act or omission.  Without such an affidavit, Plaintiff's Complaint and Amended Complaint fails to state a claim against Engineering Associates for which relief may be granted as a matter of law.  Pursuant to O.C.G.A. § 9-11-9.1:

> (a)   In any action for damages alleging professional malpractice against: . . . (2) domestic or foreign partnership, corporation, professional corporation, business trust, general partnership, limited partnership, limited liability company, limited liability partnership, association, or any other legal entity alleged to be liable based upon the action or inaction of a professional licensed by the State of Georgia and listed in subsection (g) of this Code section; . . .
> The plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.

O.C.G.A. § 9-11-9.1(a)(2).  Professional engineering corporations such as Engineering Associates are "professionals" covered by the protections of O.C.G.A. § 9-11-9.1(a)(2).  *See also* O.C.G.A. § 9-11-9.1(g)(21).

> A plaintiff who brings an action alleging professional malpractice must file with the complaint an expert's affidavit.  The affidavit must set forth at least one negligent act or omission and the factual basis for the claim. If the required affidavit is not filed with the complaint, the complaint is subject to dismissal for failure to state a claim. A dismissal for failure to state a claim is a dismissal on the merits and is with prejudice.

4

*Jordan, Jones & Goulding, Inc. v.* Balfour *Beatty Const., Inc.*, 246 Ga. App. 93, 93, 539 S.E.2d 828, 829 (2000), *but see Brown v. Nichols*, 8F.3d 770, (11th Cir. 1993) (citations omitted).

### III.   CONCLUSION

For the foregoing reasons, Engineering Associates respectfully requests this Court dismiss Plaintiff's Amended Complaint with prejudice assessing all costs and expenses associated with the filing of the instant Motion against Utilipath and award such other and further relief as this Court deems proper.

Respectfully submitted this 5th day of March, 2012.

/s/ Ross D. Ginsberg, Esq.

Ross D. Ginsberg
Georgia Bar No. 705121
David I. Matthews
Georgia Bar No. 477510
Attorneys for Engineering Associates, Inc.
Weinberg Wheeler Hudgins Gunn & Dial
3344 Peachtree Road, Suite 2400
Atlanta, Georgia 30326
Telephone: (404) 876-2700
Email: dmatthews@wwhgd.com
Email: rginsberg@wwhgd.com

Martin R. Salzman
Georgia Bar No. 623450
Attorney for Engineering Associates, Inc.
Hendrick, Phillips, Salzman & Flatt, P.C.
230 Peachtree Street, N.W., Suite 2500
Atlanta, Georgia 30303
Telephone: (404) 522-1410
Email: mrs@hpsf-law.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | |
|---|---|
| UTILIPATH, LLC, | ) |
|     Plaintiff, | ) |
| v. | ) CIVIL ACTION FILE |
| ENGINEERING ASSOCIATES, INC. | ) NO. 1:11-cv-00155-JRH-WLB |
|     Defendant. | ) |
| ENGINEERING ASSOCIATES, INC. | ) |
|     Third-Party Plaintiff, | ) |
| v. | ) |
| COLUMBIA COUNTY, a political subdivision of the State of Georgia | ) |
|     Third-Party Defendant. | ) |

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing:

> James W. Purcell
> Fulcher Hagler LLP
> One 10th Street, Suite 700
> P.O. Box 1477
> Augusta, Georgia 30309-1477

Respectfully submitted this 5th day of March, 2012.

/s/ Ross D. Ginsberg, Esq.

Ross D. Ginsberg
Georgia Bar No. 705121
David I. Matthews
Georgia Bar No. 477510
Attorneys for Engineering Associates, Inc.
Weinberg Wheeler Hudgins Gunn & Dial
3344 Peachtree Road, Suite 2400
Atlanta, Georgia 30326
Telephone: (404) 876-2700

6

        Email: dmatthews@wwhgd.com
        Email: rginsberg@wwhgd.com