**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | |
|---|---|
| UTILIPATH, LLC, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE |
| | ) NO. 1:11-cv-00155-JRH-WLB |
| ENGINEERING ASSOCIATES, INC. | ) |
|     Defendant. | ) |
| | ) |
| _____ | ) |
| | ) |
| ENGINEERING ASSOCIATES, INC. | ) |
|     Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COLUMBIA COUNTY, a political subdivision | ) |
| of the State of Georgia | ) |
|     Third-Party Defendant. | ) |
| | ) |

**ENGINEERING ASSOCIATES, INC.'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO ENGINEERING ASSOCIATES, INC.'S MOTION TO DISMISS**

COMES NOW Defendant/Third-Party Plaintiff, Engineering Associates, Inc.

("Engineering Associates") and hereby files this its Reply to Plaintiff's Response in Opposition

to its Motion to Dismiss for failure to file an affidavit of a competent professional expert

pursuant to O.C.G.A. § 9-11-9.1 and for cause states the following:

**I.      Factual Background**

Engineering Associates entered into a contract ("Contract") with Columbia County,

Georgia ("County") to perform certain professional engineering services concerning the

installation of 200 miles of fiber optic cabling on the project known as the Installation of Fiber

Optic Cable-Phase I-III ("Project").  The Project was divided into six (6) phases for construction

purposes, each of varying lengths.  The Plaintiff, Utilipath, LLC ("Utilipath"), entered into a

separate contract, in March 2011, with the County as the general contractor on Phase III of the

Project involving 47 miles of the 200-mile Project.

Notwithstanding Utilipath's failure to comply with the change order procedures outlined

in its contract with the County, Utilipath sought additional compensation for its alleged

additional equipment and work on the Project.  The County refused to pay Utilipath for this

alleged change order work, for which the Plaintiff filed the instant action, in pertinent part,

against Engineering Associates, alleging professional malpractice claims against Engineering

Associates throughout the Negligent Misrepresentation count of the Amended Complaint.

Engineering Associates filed a Motion to Dismiss due to the Plaintiff's failure to file an affidavit

of a competent expert pursuant to O.C.G.A. § 9-11-9.1.  The Plaintiff filed a Response in

opposition thereto which prompted the instant Reply.

**II.    O.C.G.A. § 9-11-9.1 Should Apply to Federal Cases Under the *Erie* Doctrine Because No Federal Law Conflicts with it and it's Requirement is Substantive and Not Procedural.**

The Plaintiff is correct that application of the *Erie* Doctrine should control the Court's

decision of this matter but nevertheless leads the Court to the wrong conclusion because there is

no collision between the state and federal law in this case.  *See* Plaintiff's Response at 3-7.

> Except in matters governed by the Federal Constitution or by acts of Congress, the **law to be applied in any case is the law of the state**.  And whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern.  There is no federal general common law.  **Congress has no power to declare substantive rules of common law** applicable in a state whether they be local in their nature or 'general,' be they commercial law or a part of the law of torts.  **And no clause in the Constitution purports to confer such a power upon the federal courts.**

*Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) (emphasis supplied).  *Erie* was a case that was

purely substantive, concerning whether a railroad owed a duty to an individual as a trespasser or

licensee. *See id.*  On the other hand, *Hanna v Plummer* was a case which concerned a purely

procedural issue dealing with whether service of process had to be done in accordance with state law or the requirements of Rule 4 of the Federal Rules of Civil Procedure.  *See Hanna v. Plumer*, 380 U.S. 460 (1965).

This case falls somewhere in between those two polar opposites ends of the *Erie/Hanna* spectrum.  O.C.G.A. § 9-11-9.1 is more than a pleading requirement, it is a substantive requirement required at the time of pleading.  O.C.G.A. § 9-11-9.1 goes to the very nature of a plaintiff's claim and attempts to weed-out cases that lack a substantive basis.

> '[a] Section 9-11-9.1 affidavit should be construed most favorably to the plaintiff and all doubts should be resolved in plaintiff's favor, even if an unfavorable construction of the affidavit may be possible' so long as such construction does not detract from the purpose of § 9-11-9.1 of reducing the number of frivolous malpractice suits.

<u>Hewett v. Kalish</u>, 264 Ga. 183, 184, 442 S.E.2d 233, 234 (1994).  While not a pleading, the O.C.G.A. § 9-11-9.1 affidavit is not held to an evidentiary standard, it is merely held to a notice pleading standard.  *See id* at 186, 442 S.E.2d at 236 (finding that "the Court of Appeals erred by holding that § 9-11-9.1 establishes an evidentiary standard regarding the affiant's competency that must be proven at the pleading stage).

As such, O.C.G.A. § 9-11-9.1 is not in conflict with Rule 8 of the Federal Rules of Civil Procedure, it is complementary to it.  "[U]nder *Hanna*, a federal court sitting in diversity first must determine whether a Federal Rule directly 'collides' with the state law sought to be applied."  *Lee v. Putz*, 2006 WL 1791304 at *2 (W.D. Mich. 2006).  In this case, no direct "collision" occurs between federal and state law.  Rule 8(a) of the Federal Rules of Civil Procedure requires a notice pleading or more specifically, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This Rule does not state by whom the averments must be made.  O.C.G.A. § 9-11-9.1 maintains this notice pleading level of specificity and merely

3

requires that a competent professional expert opine as to one negligent act or omission of the defendant. *Hanna* dealt with a <u>direct conflict</u> between a state law which required "in hand" service of process as opposed to Rule 4 of the Federal Rules of Civil Procedure which allows for service upon the defendant's spouse at their home. *See Hanna v. Plumer*, 380 U.S. 460 (1965). In the case at bar, the Court can, and should, read O.C.G.A. § 9-11-9.1 as complementary and not in conflict with Rule 8 of the Federal Rules of Civil Procedure.

Rule 8(a)(2) concerns the level of specificity by which a claim must be asserted in a pleading. O.C.G.A. § 9-11-9.1 requires an expert to assert one negligent act or omission of the defendant in a completely different document than the pleading while maintaining the low notice pleading standard of specificity. The allegations set forth in a Complaint filed with an O.C.G.A. § 9-11-9.1 affidavit need not be any more robust than that required by Rule 8 of the Federal Rules of Civil Procedure. *See Thompson by Thompson v. Kishwaukee Valley Med. Group*, 1986 WL 11381 at *2 (N.D. Ill. 1986); *Lee v. Putz*, 2006 WL 1791304 at *4 (W.D. Mich. June 27, 2006). .

Similar certificate of merit statutes have been upheld as not conflicting with Rule 8 of the Federal Rules of Civil Procedure. *See Clark v. Sarasota County Pub. Hosp. Bd.*, 65 F. Supp. 2d 1308, 1313, 1314 (M.D. Fla. 1998) *aff'd sub nom. Clark v. Sarasota Cty. Pub. Hosp.,* 190 F.3d 541 (11th Cir. 1999) (affirming dismissal of a medical malpractice claim for failure to comply with an affidavit requirement where the district court held that Rule 8 of the Federal Rules of Civil Procedure was a weak basis for refusing to apply the malpractice claim screening process); *Chamberlain v. Giampapa*, 210 F.3d 154, 161 (3d Cir. 2000) ("Applying traditional Erie principles, we conclude that that the New Jersey affidavit of merit statute is substantive state law that must be applied by federal courts sitting in diversity. The state statute is outcome

4

determinative on its face, and failure to apply it would encourage forum shopping and lead to the inequitable administration of the law."); *Thompson by Thompson v. Kishwaukee Valley Med. Group*, 1986 WL 11381 (N.D. Ill. 1986) (dismissing plaintiff's medical malpractice claim for failure to comply with state law that required him to attach an affidavit to his complaint which stated that he presented his case to a knowledgeable health professional and received a written report which stated that there was a reasonable and meritorious cause for filing suit); *Lee v. Putz*, 2006 WL 1791304 (W.D. Mich. 2006) (enforcing a state law requiring the filing of an extensive affidavit by a health care professional at the time of filing the complaint which, according to Mich. Comp. Laws Ann. § 600.2912d, must state: "(a) The applicable standard of practice or care; (b) The health professional's opinion that the applicable standard of practice or care was breached by the health professional or health facility receiving the notice; (c) The actions that should have been taken or omitted by the health professional or health facility in order to have complied with the applicable standard of practice or care; and (d) The manner in which the breach of the standard of practice or care was the proximate cause of the injury alleged in the notice."); and *Lewis v. The Ctr. for Counseling & Health Res.*, 2009 WL 2342459 at *3 (W.D. Wash. 2009) (ruling that state law requiring a certificate of merit at the time of filing a malpractice claim was applicable and enforceable in federal court) ("Even though Washington's statute requires that the certificate of merit be filed alongside a plaintiff's complaint, it cannot be considered an additional pleading requirement because its content and purpose differ from the content and purpose of a pleading governed by the federal rules.").

There is even support for such a ruling within the Federal Rules of Civil Procedure themselves.  "Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit."  Fed. R. Civ. P. 11(a).  O.C.G.A. § 9-11-9.1 is just such

a statute.  That it is not a federal statute is irrelevant.  *See Thompson by Thompson v. Kishwaukee Valley Med. Group*, 1986 WL 11381 (N.D. Ill. 1986).  Thus, the Federal Rules have been read to explicitly allow for such an affidavit requirement to be enforced as complementary and not in conflict with Rule 8.  *See id.*

Because there is no conflict between Rule 8 of the Federal Rules and O.C.G.A. § 9-11-9.1 the *Erie* Rule Applies.  *Lee v. Putz*, 2006 WL 1791304 at *5 (W.D. Mich. 2006) "[T]he twin aims of the Erie rule [are]: discouragement of forum-shopping and avoidance of inequitable administration of the laws."  *Hanna v. Plumer*, 380 U.S. 460, 468 (1965) (omission supplied).

> Erie and its progeny make clear that when a federal court sitting in a diversity case is faced with a question of whether or not to apply state law, the importance of a state rule is indeed relevant, but only in the context of asking whether application of the rule would make so important a difference to the character or result of the litigation that failure to enforce it would unfairly discriminate against citizens of the forum, or whether application of the rule would have so important an effect upon the fortunes of one or both of the litigants that failure to enforce it would be likely to cause a plaintiff to choose the federal court.
>
> Application of this test to this case shows that the court ought to apply § 2–622. The obvious intended effect of the screening procedure is to decrease the number of meritless medical malpractice suits.  As one court has stated when ruling on the adoption of a similar screening procedure, given this intended effect, "it would be fundamentally unfair to subject one set of plaintiffs to the Rule but not another set solely because of the fortuity of diversity of citizenship."

*Thompson by Thompson v. Kishwaukee Valley Med. Group*, 1986 WL 11381 at *2 (N.D. Ill. 1986) (citations omitted) (ruling that a failure to enforce the screening rule in federal court would encourage the kind of forum shopping *Hanna* and *Erie* sought to eliminate).  Forum shopping and inequitable administration of the laws are exactly what would occur if the Court denies Engineering Associates' Motion to Dismiss in this case as well.  Without having to file an affidavit of a competent expert, plaintiffs with suspect claims would be encouraged to file in federal court so that they would not have to vet their case by getting such an expert to state,

under oath, that a negligent professional act had occurred.  This is exactly the forum shopping that the *Erie* Doctrine was intended to discourage.  *See Lee v. Putz*, 2006 WL 1791304 (W.D. Mich. 2006).

Likewise, denying Engineering Associates' Motion to Dismiss would also give greater protection to Georgia professionals covered by O.C.G.A. § 9-11-9.1 in suits against Georgia citizens than in suits involving non-Georgia citizens.  Or, put another way, such a ruling would make it more difficult for an injured Georgia citizen to recover against a professional covered by O.C.G.A. § 9-11-9.1 than a non-Georgia citizen.  The Georgia legislature could hardly have wanted to put Georgia citizens at such a comparative disadvantage compared to non-Georgia citizens.  Such an inequitable application of the law is again, a perfect example of the second result the *Erie* Doctrine intended to prevent.  Thus, state law should be applied in this case.

### III.     The Face of the Complaint Plainly Indicates Allegations of Professional Negligence Governed by O.C.G.A. § 9-11-9.1.

Finally, Plaintiff also argues that O.C.G.A. § 9-11-9.1 does not apply because it did not allege professional negligence.  Plaintiff alleged, throughout the Negligent Misrepresentation and Fraudulent Misrepresentation counts, that:

(a)     Engineering Associates was hired by the County to serve as the Engineer on the Project.  *See* Amended Complaint at the Introduction paragraph, and ¶ 8.

(b)     Engineering Associates prepared drawings which were inaccurate, reflecting the wrong distances, omitted important obstructions like culverts, and did not accurately reflect whether cable could be laid by plowing, dirt boring or rock drilling.  *See id*. at ¶ 13.

(c)     The original bid documents prepared by Engineering Associates did not account for rock.  *See id.* at ¶ 16.

(d)     Engineering Associates falsely represented that the County had approved new unit prices for railhead and hard rock drilling.  *See id.* at ¶¶ 29, 36.

(e)     Engineering Associates falsely represented itself as an agent of the County with authority to approve work performed and the costs for such work.  *See id.* at ¶¶ 30, 37.

(f)     Engineering Associates negligently provided this false information to Utilipath. *See id.* at ¶ 31.

"A professional negligence or professional malpractice claim calls into question the conduct of the professional in his area of expertise."  *Upson County Hosp., Inc. v. Head*, 246 Ga. App. 386, 389, 540 S.E.2d 626, 630 (2000).  Inaccurate drawings and representations, as alleged by the Plaintiff, are certainly in an engineer's area of expertise.  *See* Amended Complaint at ¶ 13. This is exactly the kind of professional liability the Plaintiff is asserting against Engineering Associates in this case.

"Whether an action alleges professional malpractice or simple negligence depends on whether the professional's alleged negligence required the exercise of professional judgment and skill."  *Upson County Hosp., Inc. v. Head*, 246 Ga. App. 386, 389, 540 S.E.2d 626, 630 (2000). What is, or is not, included in an engineer's drawings requires the exercise of professional judgment and skill.  As a result, Plaintiff's claims do, in fact, allege professional malpractice of an engineer, a covered profession under O.C.G.A. § 9-11-9.1 and therefore the Plaintiff should have included the required affidavit as discussed *supra* at 2-6.

## IV.     Conclusion

For the foregoing reasons, Engineering Associates respectfully requests this Court dismiss Plaintiff's Negligent Misrepresentation claim with prejudice assessing all costs and

expenses associated with the filing of the Motion to Dismiss against Utilipath and award

Engineering Associates, Inc. such other and further relief as this Court deems proper.

　　　　Respectfully submitted this 29th day of March, 2012.


　　　　　　　　　　　　　　　　　/s/ *David I. Matthews*
　　　　　　　　　　　　　　　　David I. Matthews
　　　　　　　　　　　　　　　　Georgia Bar No. 477510
　　　　　　　　　　　　　　　　Ross D. Ginsberg
　　　　　　　　　　　　　　　　Georgia Bar No. 705121
　　　　　　　　　　　　　　　　Attorneys for Engineering Associates, Inc.
　　　　　　　　　　　　　　　　Weinberg Wheeler Hudgins Gunn & Dial
　　　　　　　　　　　　　　　　3344 Peachtree Road, Suite 2400
　　　　　　　　　　　　　　　　Atlanta, Georgia 30326
　　　　　　　　　　　　　　　　Telephone: (404) 876-2700
　　　　　　　　　　　　　　　　Email: dmatthews@wwhgd.com
　　　　　　　　　　　　　　　　Email: rginsberg@wwhgd.com

　　　　　　　　　　　　　　　　Martin R. Salzman
　　　　　　　　　　　　　　　　Georgia Bar No. 623450
　　　　　　　　　　　　　　　　Attorney for Engineering Associates, Inc.
　　　　　　　　　　　　　　　　Hendrick, Phillips, Salzman & Flatt, P.C.
　　　　　　　　　　　　　　　　230 Peachtree Street, N.W., Suite 2500
　　　　　　　　　　　　　　　　Atlanta, Georgia 30303
　　　　　　　　　　　　　　　　Telephone: (404) 522-1410
　　　　　　　　　　　　　　　　Email: mrs@hpsf-law.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | | |
|---|---|---|
| UTILIPATH, LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 1:11-cv-00155-JRH-WLB |
| ENGINEERING ASSOCIATES, INC. | ) | |
|     Defendant. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| ENGINEERING ASSOCIATES, INC. | ) | |
|     Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COLUMBIA COUNTY, a political subdivision | ) | |
| of the State of Georgia | ) | |
|     Third-Party Defendant. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing:

> James W. Purcell
> Fulcher Hagler LLP
> One 10th Street, Suite 700
> P.O. Box 1477
> Augusta, Georgia 30309-1477

Submitted this 29th day of March, 2012.

>   /s/ *David I. Matthews*
> David I. Matthews
> Georgia Bar No. 477510
> Ross D. Ginsberg
> Georgia Bar No. 705121
> Attorneys for Engineering Associates, Inc.
> Weinberg Wheeler Hudgins Gunn & Dial
> 3344 Peachtree Road, Suite 2400
> Atlanta, Georgia 30326
> Telephone: (404) 876-2700
> Email: dmatthews@wwhgd.com
> Email: rginsberg@wwhgd.com