IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UTILIPATH, LLC, | * | |
| Plaintiff, | * | |
| v. | * | CV 111-155 |
| ENGINEERING ASSOCIATES, INC., | * | |
| Defendant. | * | |

## ORDER

Presently pending before the Court is Engineering Associates, Inc.'s ("Defendant") motion to dismiss. (Doc. no. 12.) For the following reasons, this motion is **DENIED**.

## I. BACKGROUND[1]

In March of 2011, Plaintiff and Columbia County, Georgia entered into an agreement (the "Agreement") for the construction of a broadband communications project known as "Bid#2011-008: Installation of Fiber Optic Cable-Phase III" (the "Project"). Pursuant to the Agreement, Plaintiff was responsible for furnishing all materials, equipment, and labor for construction of the Project. Defendant was the engineer for the Project and operated as Columbia County's agent in directing and supervising Plaintiff's performance under the Agreement. Indeed, prior to

---

[1] The background is derived from the factual allegations of Plaintiff's Amended Complaint.

beginning the Project, Columbia County instructed Plaintiff to work through all inquiries and change orders exclusively with Defendant. Based upon these instructions, Plaintiff believed that Defendant had the authority to make decisions related to the Project that would be binding on the County.

Defendant prepared drawings for Plaintiff to use in the Project. These drawings did not accurately reflect whether cable could be laid by plowing, dirt boring, or rock drilling. While digging to place pipes pursuant to the Agreement, Plaintiff became aware of the rock underneath the earth's surface that needed to be drilled in order to complete the Project.

The original bid documents prepared by Defendant did not account for the rock. Plaintiff bid the unit prices for the Project based upon these documents, which specified that pipe could be laid by plowing or boring through the dirt. After communicating with Defendant regarding the rock, Plaintiff requested that Defendant obtain a change order to provide for new unit prices for "railhead" and "hard rock" drilling. Defendant submitted the proposed change order to Columbia County. The change order included a line immediately above Columbia County's signature indicating that "New Unit Prices Approved by C3BV."

On May 19, 2011, a change order was signed by Lewis Foster, Broadband Manager for Columbia County, to reflect new unit pricing for the cost of drilling using railhead and hard rock

techniques. On the same day, Defendant sent Plaintiff an email entitled "Price Request Approved," indicating that the new unit prices had been approved. In reliance on this email, Plaintiff performed work under the new pricing. Daily bore logs were prepared showing the amount of pipe, the depth, and the drilling method used. These logs were signed by Defendant's onsite representative.

Between June 24, 2011, and August 12, 2011, Plaintiff invoiced Columbia County in the amount of $1,279,550.14 for work performed on the Project. The amount in the invoices was based upon the signed bore logs and unit prices in the above-mentioned change order. Columbia County failed and refused to remit payment to Plaintiff for these invoices. Instead, Columbia County asserted that Defendant had no authority to approve work performed under the new unit pricing in the change order.

On July 21, 2011, the County issued a stop work order directing Plaintiff to stop all hard rock and railhead borings. Plaintiff complied with this order. Although Plaintiff and Columbia County have reached an agreement to continue work on the Project, Plaintiff was forced to accept far less compensation from the County than the total amount of the invoices.

Thus, on September 16, 2011, Plaintiff filed suit against Columbia County and Defendant asserting claims for breach of contract, quantum meruit, and fraudulent misrepresentation. (Doc. no. 1.) On January 13, 2012, Plaintiff filed an Amended

Complaint removing Columbia County as a defendant in this suit. (Doc. no. 6.) In its Amended Complaint, Plaintiff alleges that Defendant falsely represented that it was Columbia County's agent on the Project and that it had the authority to approve the cost of the work on the Project. Plaintiff further contends that Defendant supplied this information in order to induce Plaintiff to continue performing under the Agreement and to keep the Project on schedule. Plaintiff seeks compensatory and punitive damages, as well as attorney's fees.

On March 5, 2012, Defendant filed a Third-party Complaint against Columbia County. (Doc. no. 13.) On the same day, Defendant also filed a motion to dismiss for failure to file an affidavit of a competent expert pursuant to O.C.G.A. § 9-11-9.1. (Doc. no. 12.) On May 9, 2012, Defendant filed a notice of dismissal of all third-party claims against Columbia County. (Doc. no. 27.) Accordingly, all that is pending before the Court at this time is Defendant's motion to dismiss.

## II. DISCUSSION

Defendant argues that Plaintiff's Complaint and Amended Complaint should be dismissed since Plaintiff failed to attach the necessary expert affidavit pursuant to O.C.G.A. § 9-11-9.1. Specifically, Defendant argues that O.C.G.A. § 9-11-9.1 is a substantive Georgia state law that a federal court sitting in diversity must apply, that O.C.G.A. § 9-11-9.1 does not conflict with the Federal Rules of Civil Procedure, and that the failure

to apply O.C.G.A. § 9-11-9.1 would lead to different outcomes in federal and state court.

In response, Plaintiff argues that O.C.G.A. § 9-11-9.1 does not apply to federal courts sitting in diversity cases. Alternatively, Plaintiff argues that even if O.C.G.A. § 9-11-9.1 does apply to federal courts, the affidavit requirement is not applicable here because this case does not involve professional negligence. Instead, Plaintiff argues that this case is one for negligent or fraudulent misrepresentations that are not based on any professional judgment.

O.C.G.A. § 9-11-9.1 mandates that any action alleging professional malpractice be accompanied by an expert affidavit setting forth "at least one negligent act or omission claimed to exist and the factual basis for each such claim." The Eleventh Circuit has not ruled explicitly on whether O.C.G.A. § 9-11-9.1 requires a plaintiff to file an expert affidavit with his or her complaint in a federal court. However, courts within this district and other districts have previously held that Georgia's expert affidavit requirement contained in O.C.G.A. § 9-11-9.1 does not apply in diversity actions filed in federal district courts. See Boone v. Knight, 131 F.R.D. 609, 612 (S.D. Ga. 1990); see also Robert v. Jones, 390 F. Supp. 2d 1333, 1337 (M.D. Ga. 2005); Baird v. Celis, 41 F. Supp. 2d 1358, 1362 (N.D. Ga. 1999); Denton v. U.S., No. 1:04-cv-3285, 2006 WL 358273, at *2 (N.D. Ga. Feb. 15, 2006). Because Plaintiff's complaint was filed in federal court, Plaintiff need not comply with Georgia's

expert affidavit requirement. Thus, Defendant's motion to dismiss for Plaintiff's non-compliance with O.C.G.A. § 9-11-9.1's expert affidavit requirement must fail.[2]

### III. CONCLUSION

Based upon the forgoing, Defendant's motion to dismiss (doc. no. 12) is **DENIED**. This case shall proceed to trial on Plaintiff's misrepresentation claims.

**ORDER ENTERED** at Augusta, Georgia, this _11th_ day of December, 2012.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Because such a ruling is unnecessary to resolve Defendant's motion to dismiss, the Court does not determine whether Plaintiff's claims for negligent and fraudulent misrepresentation are actually claims for professional negligence.

6